Filed 11/4/21  P. v. Clark CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT AHMAD CLARK,<br><br>    Defendant and Appellant. | B309509<br><br>Los Angeles County<br>Super. Ct. No. GA097658 |

APPEAL from a post-conviction order of the Superior Court of Los Angeles County, Darrell Mavis, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## BACKGROUND

In 2017 a jury convicted defendant and appellant Albert Ahmad Clark of the 1988 first degree murder of Leroy Galloway. The trial court (Judge Stanley Blumenfeld) sentenced Clark to 32 years to life in the state prison, calculated as 25 years to life for Galloway's murder, plus two years for the jury's true finding on a "personal use" firearm allegation under the then-applicable version of Penal Code section 12022.5, subdivision (a),[1] plus five years for a serious felony prior conviction under section 667, subdivision (a)(1). The serious felony prior was a September 1980 conviction in Los Angeles Superior Court case number A559050 for murder.[2] In April 2020 we affirmed Clark's conviction but remanded the case for the trial court to exercise its discretion to strike—or decline to strike—the serious felony prior under Senate Bill No. 1393 (Senate Bill 1393). (*People v. Clark* (Apr. 22, 2020, B294062) [nonpub. opn.] (*Clark I*).)[3]

Our 2020 opinion set forth the facts; we need not detail them here.[4] In a nutshell, one day in February 1988

---

[1]     References to statutes are to the Penal Code.

[2]     At trial, outside the jury's presence, Clark admitted that prior conviction and the court found it true based on his admission.

[3]     We also ordered the correction of Clark's presentence custody credits. In addition, we stated Clark could raise any claim of inability to pay the $100 victim restitution fine and $70 in court fees on remand. (*Clark I*.) On remand, the trial court gave Clark an additional 568 days of credit. The court also waived the restitution fine and court fees.

[4]     Clark's counsel in this appeal states in his brief that Clark "adopts the Statement of Facts contained in this Court's prior opinion on direct appeal in this matter."

Tony Morales and Mark Stephens were at a gas station. They heard gunshots, then moaning; they saw a man backing out of a van with a gun in his hand. The man with the gun was wearing a dark blazer, gray pants, and a white dress shirt and tie. Morales then found Galloway lying next to the van in a large pool of blood. (*Clark I*.)

Charles McDaniel, who lived nearby, saw a man sweating and looking around as if "ready to get out of there." An autopsy found Galloway died from gunshot wounds to the back of his head and his upper chest. Both Morales and McDaniel chose Clark's photograph out of a six-pack photo line-up. DNA on gray slacks discarded near the scene (along with a dark jacket and long-sleeved white shirt) matched Clark. (*Clark I*.)

Back in the trial court on remand, Clark filed a pleading entitled "Defendant's Motion for the Honorable Court to Use It's [*sic*] Vested Authority to Consider All Factors and Use Its Discretionary Power Pursuant to Penal Code Section 1385 et seq. and in the Furtherance of Justice to Strike Defendant's Prior Felony Conviction Enhancement Charged and Found to be True by the Honorable Court After Trial."[5] Oddly, Clark did not address the prior murder conviction alleged and found true in this case, but rather a November 1989 conviction for robbery in case number GA00215. The People did not allege that conviction as a strike or serious felony prior in this case,

---

[5] After the jury convicted Clark, he exercised his right to represent himself under *Faretta v. California* (1975) 422 U.S. 806. The trial court granted Clark's *Faretta* motion on January 31, 2018, and Clark continued to represent himself for the next 10 months, through sentencing and the restitution hearing. On remand, Clark continued to demand self-representation.

3

presumably because Clark's murder of Galloway predated his commission of and conviction for the robbery.

Notwithstanding Clark's failure to file any written motion to strike or dismiss his serious felony prior for murder, the trial court[6] permitted him to address the court at a hearing on October 27, 2020. Clark first asserted "the handgun belong[ed] to [his] wife" and he "would never have had it on [his] person." Then he argued "the warrant" (presumably for his arrest on the Galloway murder) "was invalid on its face." Clark said, "So if that's the only opposition for the five-year prior not being granted, I think there's far and above reasons for it to be granted. Based on my conduct before, after and even upwards to now, Your Honor."

Clark then read to the court a letter he'd brought with him. Clark said he was "one of the best examples of change in America," and that he'd "lived an exemplary lifestyle disassociating with anyone even remotely suspected of wrongdoing." Clark said he'd coached kids at the Y.M.C.A., earned certificates in prison, and saved a man's life with the Heimlich maneuver. Clark concluded, "I am convinced that from a legislative intent perspective there is no one more deserving and suited to have a prior that is remote in time waived."

The prosecutor referred to his comments at an earlier hearing that "this was [Clark's] second murder conviction." At that hearing, the prosecutor told the court "we are opposed to the striking of that for the same reason that we were in favor

---

[6] Judge Darrell Mavis handled the proceedings on remand, as Judge Blumenfeld had been appointed to the federal court. (<https://www.cacd.uscourts.gov/sites/default/files/documents/Press%20Release%20-%20Judge%20Blumenfeld.pdf> [as of Nov. 3, 2021], archived at <https://perma.cc/CW4Y-A4ZG>.)

4

of imposing it." The prosecutor conceded that, in the years between the 1988 murder of Galloway and Clark's arrest some 28 years later, "he didn't have additional . . . serious contacts with the police at all." "So," the prosecutor continued, "in terms of his efforts to straighten out his life after this particular crime for which he is here, the robbery that followed that as well, he's done a good job." But, the prosecutor concluded, section 667, subdivision (a) "looks at prior . . . serious felony convictions at the time he committed the underlying crime," and Clark did have "prior criminality close in time to the time he committed the crime for which he is sentenced in this case, and so I would oppose striking it."

The court then stated, "The request to strike the prior conviction is respectfully denied based on the seriousness of the conduct in this case and the criminality at the time in which the defendant was convicted, his prior criminality. The court is going to respectfully decline to exercise its discretion to strike the felony conviction."

Clark appealed[7] and we appointed counsel to represent him. After examining the record, counsel filed an opening brief and declaration stating his "review of the record did not disclose any arguable issues on appeal," and an attorney at the California Appellate Project who reviewed the matter agreed. Counsel asked this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel declared he had mailed Clark a copy of the entire record, advised him he was filing a *Wende* brief, and notified him he had the right to file a supplemental brief.

---

[7] Clark's notice of appeal refers to an order of October 28, 2020. We assume he means to refer to the court's order of October 27, 2020.

5

We have received several pleadings from Clark: (1) a pleading dated August 9, 2021 and filed August 26, 2021 with numerous exhibits; (2) what appears to be the same pleading dated August 9, 2021 and filed August 27, 2021 without exhibits; and (3) a pleading dated September 17, 2021 and filed September 24, 2021 entitled "Notice of Change of Address" but also containing further argument.

## DISCUSSION

As we noted in *Clark I*, Senate Bill 1393 amended sections 667, subdivision (a)(1), and 1385, subdivision (b), effective January 1, 2019, to allow a trial court to exercise its discretion to strike or dismiss a five-year serious felony enhancement in the furtherance of justice. (*Clark I*; see generally *People v. Stamps* (2020) 9 Cal.5th 685, 692; *People v. Shaw* (2020) 56 Cal.App.5th 582, 586.) We review a court's order declining to strike a serious prior felony enhancement for abuse of discretion. (See *People v. Brooks* (2020) 53 Cal.App.5th 919, 922, 926-928; *Shaw*, at pp. 584-586; *People v. Carmony* (2004) 33 Cal.4th 367, 375.) We will not reverse the ruling unless it is so irrational or arbitrary that no reasonable person could agree with it. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)

In his supplemental briefs, Clark barely mentions the issue of his serious felony prior, much less demonstrates that the court abused its discretion. Clark says the court ruled "without considering any good behavior, conduct or programming by the appellant while in state prison." But Clark did not present any documents or evidence of that good behavior, stating only in his brief he had "been programming as a model inmate."

In denying Clark's motion, the court cited "the seriousness of the conduct in this case" as well as Clark's "prior criminality"—another murder committed some eight or nine years before he killed Galloway. In this case, Clark shot Galloway execution-

6

style:  as we noted in *Clark I*, "[t]he shot to the back of Galloway's head had been fired with the barrel against, or very close to, Galloway's scalp."  We see no abuse of discretion.

Clark devotes most of his supplemental briefing not to the Senate Bill 1393 issue but, instead, to complaints about the superior court's denial of a motion he filed "seeking post-trial performance of D.N.A. testing" and for the "appoi[n]tment of counsel who will supervise and direct the testing."  Clark filed that motion on September 23, 2020.  On October 23, 2020, Clark filed another pleading entitled "Notice of Motion and Motion with Declaration of Indigency Affecting the DNA Testing Cost and for the Appointment of Counsel."  On December 7, 2020, the superior court (Judge William C. Ryan) denied the motions in a written order.  Clark filed an untimely petition for writ of mandate challenging that ruling.  We denied Clark's writ petition on March 12, 2021 in case no. B310258.  The denial of a motion for DNA testing is not appealable.  (§ 1405, subdivision (k).)

Clark's supplemental briefs raise other contentions, none of which has merit:

- Clark's notice of appeal states he's appealing from "the denials" of his right to represent himself.  However, as we have said, on remand the court *granted* Clark permission to continue with the self-representation he had demanded and been granted after the jury returned its verdict.  It seems what Clark in fact is complaining about is the court's order on October 27, 2020, denying his "request to be granted pro per status in county jail."  Clark told the court he wanted to be put in "the pro per module" and to be granted "a legal runner."  At that juncture, though, the court had denied Clark's motion to strike his serious felony prior, and there were no further proceedings scheduled.

7

So there was no need for Clark to have access to the law library at the jail or other pro per privileges.

- Clark refers to Senate Bill No. 620 and says he "qualified for the trial court's consideration" of striking his firearm enhancement. Effective January 1, 2018, the Legislature amended section 12022.5, subdivision (c) to permit a trial court to strike or dismiss a firearm enhancement " 'otherwise required to be imposed by this section.' " (*People v. Contreraz* (2020) 53 Cal.App.5th 965, 969.) Clark was sentenced on October 11, 2018, more than nine months after the legislation took effect. As we have said, he was self-represented, having made a *Faretta* motion that the court granted. Clark made no motion for the court to strike or dismiss his two-year firearm enhancement. Accordingly, he has forfeited the issue.

- Clark complains about his court-appointed counsel on appeal, claiming "appointed counsel has not been straight and honest with appellant and his wife." Clark attached to his supplemental brief a copy of a nine-page, single-spaced letter to counsel dated May 10, 2021, entitled "FORMAL LETTER OF INSTRUCTIONS." Most of the letter has nothing to do with Clark's five-year prior for murder; he continues to refer to "the 1989 prior"—presumably, the robbery. As we have said, that conviction was never alleged as a prior in this case. To the extent Clark's complaint about his counsel can be considered a *Marsden* motion,[8] we have reviewed the record along with the briefs filed by appointed counsel and Clark. We are satisfied that Clark's counsel has fully complied with his responsibilities

---

[8] *People v. Marsden* (1970) 2 Cal.3d 118.

and that no arguable issues exist.  (*People v. Kelly* (2006)
40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm the trial court's post-conviction order declining
to strike Clark's serious felony prior enhancement.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



LAVIN, Acting P. J.



MATTHEWS, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the
Chief Justice pursuant to article VI, section 6 of the California
Constitution.